United States District Court
Southern District of Texas
FILED

JUL 2 9 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSA M. FLORES | ) | |
| VS. | ) | CIVIL ACTION NO. B-02-146 |
| JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS) | ) | (JURY DEMANDED) |

### PLAINTIFF'S ORIGINAL PETITION

**NOW COMES** ROSA M. FLORES, hereinafter called Plaintiff, complaining of and about JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS), hereinafter called Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff ROSA M. FLORES, is a citizen of the United States and the State of Texas and resides in Harlingen, Cameron County.

2. Defendant, JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS), can be served with process by serving him at 425 I STREET NORTH WEST, WASHINGTON, D.C., 20536.

### JURISDICTION

3. The action arises under Title VII as hereinafter more fully appears.

Page -1-

4.  This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

5.  This is an action under Title 42 U.S.C. Section 2000e et. seq. as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex.

## CONDITIONS PRECEDENT

6.  All conditions precedent to jurisdiction have occurred or been complied with: more than 180 days have passed from the date of filing a formal complaint and there is not final action or appeal to the MSPB.

## FACTS

7.  While stationed at the Weslaco Border Patrol Station, Plaintiff was exposed to a hostile work environment by several of the agents at that station. Derogatory comments which included harassment were made towards her that specifically discriminated against her gender.

## SEX DISCRIMINATION

8.  Defendant, JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS), by and through its agents intentionally engaged in unlawful employment practices involving Plaintiff because she is a female.

9. Defendant, JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS), by and through its agents, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 2000e (2)(a). The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

10. Plaintiff alleges that Defendant, JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS), by and through its agents discriminated against Plaintiff on the basis of sex with malice or with reckless indifference to the protected rights of Plaintiff.

## RESPONDEAT SUPERIOR AND RATIFICATION

11. Whenever in this complaint it is alleged that the Defendant, JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS), did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## CONSTRUCTIVE DISCHARGE

12. JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS) made the working conditions so intolerable that Plaintiff felt compelled to resign her position. A reasonable person in the same position

would have also felt compelled to resign. Plaintiff suffered damages for which Plaintiff herein sues.

### ASSAULT AND BATTERY BY JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS)

13. JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS), intentionally, knowingly, or recklessly made contact with Plaintiff's person or threatened Plaintiff with imminent bodily injury which caused injury to Plaintiff. Plaintiff suffered damages for which Plaintiff herein sues.

### FRAUD BY JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS)

14. JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS), made a false material representation to Plaintiff with the intent that Plaintiff rely upon the representation. JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS), knew the representation was false or made the representation recklessly, as a positive assertion, without knowledge of the truth of the statement. Plaintiff relied upon the representation which caused Plaintiff injury. Plaintiff suffered damages for which Plaintiff herein sues.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS)

15. JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS), intentionally or recklessly caused Plaintiff to undergo emotional distress. Defendant's conduct was extreme and outrageous and proximately

caused Plaintiff severe emotional distress. Plaintiff suffered damages for which Plaintiff herein sues.

### INVASION OF PRIVACY BY JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS)

16.   JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS), intentionally invaded Plaintiff's privacy by intruding on her solitude, seclusion, or private affairs. This invasion was highly offensive to Plaintiff and would be highly offensive to a reasonable person. Plaintiff was injured because of the conduct of Defendant. Plaintiff suffered damages for which Plaintiff herein sues.

17.   JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS), publicized facts regarding Plaintiff's private life which were not of legitimate public concern. The publicity was highly offensive to Plaintiff and would be highly offensive to a reasonable person. Plaintiff was injured as a result of the conduct of Defendant. Plaintiff suffered damages for which Plaintiff herein sues.

18.   JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS), appropriated Plaintiff's name or likeness for the value associated with it. Plaintiff is identifiable in the publication from which Defendant received advantage or benefit. Plaintiff was injured as a result of the conduct of Defendant. Plaintiff suffered damages for which Plaintiff herein sues.

## NEGLIGENCE BY JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS)

19.    JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS), owed a legal duty to Plaintiff who was an employee of the INS not to discriminate against her on the basis of her sex. Defendant breached this duty which proximately caused injury to Plaintiff.   Plaintiff seeks all available damages for injuries caused by Defendant's negligence.

## NEGLIGENT LEGAL HIRING DUTIES
## BY JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS)

20.    Plaintiff alleges that the conduct of JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS), constituted negligent legal hiring duties. Plaintiff alleges that JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS), did not properly screen, evaluate, investigate, or take any reasonable steps to determine whether its employees, including supervisory personnel at the Mercedes/Weslaco Border Patrol Station were unfit, incompetent, or a danger to third parties. JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS), knew or should have known that the employee, including supervisory personnel at the Mercedes/Weslaco Border Patrol Station were unfit and could foresee that they would come in contact with Plaintiff, creating a risk of danger to Plaintiff. JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS) failure to exercise reasonable care in the [legal hiring duties] of its employees, including supervisory personnel at the Mercedes/Weslaco Border Patrol Station was the proximate cause of

damages to Plaintiff for which Plaintiff hereby sues.

### RETALIATION BY JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS)

21.     Plaintiff alleges that JAMES W. ZIGLER, COMMISSIONER FOR THE IMMIGRATION AND NATURALIZATION SERVICE (INS), instituted a campaign of retaliation which included constant harassment. This retaliation was and is due to Plaintiff exercising her rights by retaliating against her for voicing her complaints against her supervisors. Plaintiff suffered damages for which Plaintiff herein sues.

### DAMAGES

22.     Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

   a.   $75,000.00
   b.   All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff
   c.   Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just
   d.   All reasonable and necessary costs incurred in pursuit of this suit
   e.   Emotional pain
   f.   Expert fees as the Court deems appropriate
   g.   Front pay in an amount the Court deems equitable and just to make Plaintiff whole
   h.   Inconvenience
   i.   Interest
   j.   Loss of enjoyment of life
   k.   Mental anguish in the past
   l.   Mental anguish in the future
   m.   Reasonable medical care and expenses in the past. These expenses were incurred by [client name] and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas
   n.   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future
   o.   Loss of earnings in the past

p. Loss of earning capacity which will, in all probability, be incurred in the future
q. Loss of benefits
r. Deprivation of seclusion
s. Loss of use of private facts
t. Humiliation
u. Interruption of business
v. Loss of time
w. Physical discomfort
x. Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations
y. Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations
z. Injury to reputation

## EXEMPLARY DAMAGES

23. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## SPECIFIC RELIEF

24. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described herein above:

a. Prohibit by injunction the Defendant from engaging in unlawful employment practices
b. Promote Plaintiff to the position and pay grade to which Plaintiff should have been promoted but for the unlawful employment actions of Defendant
c. Rehire Plaintiff
d. Reinstate Plaintiff to the position and pay grade which Plaintiff held but for the unlawful employment actions of Defendant

    e.    Reinstate all benefits to which Plaintiff was entitled but for the unlawful employment actions of Defendant

    f.    Reinstate Plaintiff to the position of seniority which Plaintiff held before the unlawful employment actions of Defendant

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, ROSA M. FLORES, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

## PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

Plaintiff, ROSA M. FLORES, hereby requests a trial by jury.

Respectfully submitted,
LAW OFFICE OF ADOLFO E. CORDOVA, JR.
711 N. SAM HOUSTON
SAN BENITO, TEXAS 78586
(956) 399-1299
(956) 399-4484 - FAX

BY: _____
ADOLFO E. CORDOVA, JR.
STATE BAR #00787287
ATTORNEY FOR PLAINTIFF