United States District Court
Southern District of Texas
FILED

JAN 0 2 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSA M. FLORES | * | |
| | * | |
| vs. | * | CIVIL ACTION No. B-02-146 |
| | * | |
| JAMES W. ZIGLER, Commissioner for the Immigration and Naturalization Service | * * * | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO EXTEND SUBMISSION DATE ON DEFENDANT'S MOTION TO DISMISS AND ALTERNATIVELY, FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

On November 26, 2002, Defendant, JAMES W. ZIGLER, Commissioner for the Immigration and Naturalization Service, filed a motion to dismiss Plaintiff's suit for failure to state a claim and want of subject matter jurisdiction. Rules 12(b)(1) and (6) of the FRCP. In the alternative, to the extent that this Court may deem it necessary, the Defendant moved for summary judgement. See, Rule 56 of the FRCP.

On or about December 18, 2002, Plaintiff[1] filed a motion with this Court seeking to have the submission date on the Defendant's motion extended for at least 120 days in order to allow for discovery to take place.

Defendant is cognizant of the cases and the desire of the Courts to allow "a full and fair opportunity to discover information"[2] to prepare an opposition to a summary judgment motion; however, Plaintiff is still required to meet the requirements of Rule 56(f) of the Federal Rules of Civil Procedure. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

Rule 56(f) of the FRCP requires that the Plaintiff demonstrate: (1) why additional discovery is needed; and (2) how additional discovery will likely create a genuine issue

---

[1]This motion was filed by attorney William Kimball; up until this point attorney Adolfo Cordova, Jr. has been representing the Plaintiff. While the Defendant has no objection to Mr. Kimball's participation as counsel in this case, Defendant would like to be apprized as to who is lead counsel and to whom it is obligated to forward future correspondence and notices.

[2]*Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F. 3d 694, 720 (5th Cir. 1999).

of material fact. *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 534-35 (5th Cir. 1999). In the case at bar, Plaintiff has raised ten causes of action in her complaint:

- Sex Discrimination, paras. 8 - 10;
- Respondeat Superior and Ratification, para. 11;
- Constructive Discharge, para. 12;
- Assault and Battery by James W. Zigler, Commissioner for the Immigration and Naturalization Service, para. 13;
- Fraud by James W. Zigler, Commissioner for the Immigration and Naturalization Service, para. 14;
- Intentional Infliction of Emotional Distress by James W. Zigler, Commissioner for the Immigration and Naturalization Service, para. 15;
- Invasion of Privacy by James W. Zigler, Commissioner for the Immigration and Naturalization Service, paras. 16 - 18;
- Negligence by James W. Zigler, Commissioner for the Immigration and Naturalization Service, para. 19;
- Negligent Legal Hiring Duties by James W. Zigler, Commissioner for the Immigration and Naturalization Service, para. 20; and,
- Retaliation by James W. Zigler, Commissioner for the Immigration and Naturalization Service, para. 21.

The Defendant's dismissal and summary judgement motion is divided into three core arguments. The first two describe how this Court lacks subject matter jurisdiction over all of the common law tort and non-Title VII related allegations under the legal theories of preemption and failure to exhaust administrative remedies under the Federal Tort Claims Act. Plaintiff has not set forth–anywhere in her motion--how any discovery she can take will allow her to contest a dismissal of these allegations since they fail totally on jurisdictional grounds themselves.

The third argument by the Defendant raises the issue of summary judgment as to Plaintiff's Title VII claims. Defendant's summary judgment motion is supported by exhibits that Plaintiff – even by way of her pending motion for extension of the date for submission – has not contested.

At the very least, prior to granting Plaintiff's request, this Court should require Plaintiff to comply with Rule 56(f) and have her state what discovery needs to take place and how that discovery is relevant to contesting the individual causes of action

alleged in her complaint. After all, it is the Plaintiff that filed this suit. If Plaintiff is unable to pursue one or all of her causes of action, it is best that it be known now before incurring the additional expense and burdens associated with discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon hearing of any further arguments of counsel, this Court deny Plaintiff's motion for extension on the submission date of the Defendant's motion herein; alternatively, Defendant prays that this Court rule on its motion; should this Court rule on the Defendant's motion only in part, Defendant requests that any discovery to be had be limited to only those causes of action remaining.

Respectfully Submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

Nancy L. Masso
Assistant U. S. Attorney
600 East Harrison Street, No. 201
Brownsville, Texas 78520
Tel: (956) 548-2554
Fax: (956) 548-2549
Texas State Bar No. 00800490
Federal I.D. No. 10263

### Certificate of Service

I certify that on **January 2, 2003**, a copy of the Defendant's Response to Plaintiff's Motion to Set Submission Date on Defendant's Motion to Dismiss and Alternative Motion for Summary Judgement With Supporting Memorandum was mailed to Plaintiff's attorney, Adolfo E. Cordova, Attorney at Law, 711 N. Sam Houston St., San Benito, TX 78586, via certified mail, return receipt requested, and to Mr. William Kimball, Attorney at Law, 312 E. Van Buren, Harlingen, Texas 78550, via certified mail, return receipt requested.

Nancy L. Masso
Assistant U. S. Attorney