IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 6 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ROSA M. FLORES | § § § |
| VS. | § CIVIL ACTION NO. B-02-146 § § JURY DEMANDED |
| JAMES W. ZIGLER, Commissioner for the Immigration and Naturalization Service | § § § § |

### PLAINTIFF ROSA M. FLORES' FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**NOW COMES**, Plaintiff, Rosa M. Flores, who files this, her First Amended Original Complaint, complaining of James W. Zigler, Commissioner for the Immigration and Naturalization Service, (hereinafter sometimes referred to as "Defendant"), and in support hereof, Plaintiff would show as follows:

### FACTS

1.  Plaintiff is a resident of Harlingen, Cameron County, Texas.

2.  Defendant is a federal agency that has answered this lawsuit and made its general appearance.

3.  This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1331 because the issues to be determined by the Court involve the interpretation of Plaintiff's civil rights under the federal law, including the Civil Rights Act of 1964, 42 U.S.C. §2000e, et. seq., and the United States Constitution. There is further jurisdiction for this court found under 28 U.S.C. §1442 and 28 U.S.C. §1443.

1

4.    Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. §1391 and 28 U.S.C. §1442. In this regard, a substantial part of the events at issue took place in the Southern District of Texas.

## FACTS

5.    From July 16, 2000 through November 29, 2000, Plaintiff attended the U.S. Border Patrol Academy in Charleston, South Carolina. Plaintiff successfully completed the program and was assigned to the Weslaco, Texas station of the U.S. Border Patrol. At all times material herein, Plaintiff was a full-time employee of the United States Border Patrol.

6. Plaintiff started her job as a border patrol agent on or about December 4, 2000. From the very first day on the job, Plaintiff was treated by certain male co-workers with illegal acts of sex discrimination and hostility. Discriminatory verbal statements by certain male co-workers in the presence of the Plaintiff and in the presence of supervisors for the Border Patrol. Statements such as: "I will not work with that woman," "I will not work with that girl," "you are late, so you get the girl," and similar statements were made out loud, on nearly a daily basis while Plaintiff worked at the Weslaco Station, at the musters presided over by Border Patrol Supervisors. In fact, supervisors condoned an attitude and atmosphere that it was a punishment for those agents who were late for the muster to have to work with the woman agent. Furthermore, Plaintiff endured numerous incidents of illegal hostile work environment and sex discrimination that has caused her humiliation, anger, frustration, mental anguish, suffering, and most importantly, interference with the performance of her job. For example, on the very first day on the job, on or about December 4, 2000, Plaintiff was assigned to work with Senior Border Patrol Agent, Bobby Gonzalez. Agent Gonzalez did not want to work with the Plaintiff and made it very clear to the Plaintiff that he did not like working with

women. He made it as difficult as he could upon the Plaintiff on this first day. For example, he made Plaintiff eat alone while he sat with other male agents when they stopped for their meal break after muster. He also confronted the Plaintiff while they were alone in the vehicle in a remote area, late at night, about whether she was the woman that filed sexual harassment complaints against a border patrol instructor at the academy. Plaintiff denied that she filed any sexual harassment complaint and Agent Gonzalez threatened the Plaintiff by telling the Plaintiff that "we know who walks into the supervisor's office and for what reasons." He told the Plaintiff that the male agents take care of problems "in the field." Plaintiff interpreted this as a threat of physical harm.

Although Plaintiff denied that she was the agent who filed a prior sexual harassment complaint, these accusations by male coworkers persisted for weeks. Throughout Plaintiff's employment with the Border Patrol, Agent Gonzalez told the Plaintiff several times that none of the male agents wanted to work with her because she was a woman and all of the agents were afraid of possible harassment complaints by the Plaintiff. Accordingly, these male co-workers created a very hostile environment for the Plaintiff because of her sex in an effort to avoid working with her.

7. Agent Gonzalez was not the only agent who participated in hostility, intimidation, and threats against the Plaintiff because of her sex. Agents Hector Zamora, Paul Reece, Mark Joffre, Rogelio Cervantes, and other agents, all engaged in similar activity. Agent Reece also threatened the Plaintiff by stating that the male patrol agents at the Weslaco station would take care of the Plaintiff "out in the field" if she complained about them to supervisors. Agent Reece also insinuated that he and the other male co-workers who were hostile towards the Plaintiff, were informed by the supervisors of any and all activities in the supervisor's office. Plaintiff interpreted these statements as threats to her physical safety. Plaintiff was terrified by these threats.

8.   Discriminatory behavior towards the Plaintiff continued openly and in the presence of supervisors, throughout her employment as a Border Patrol Agent at the Weslaco Station. In nearly every muster before Plaintiff's shift, and on nearly every day of her employment, Plaintiff would hear comments like "I do not want to work with that girl," or "you are late, so you get the girl" or "I am not going to work with an EEOC liability," among other similar statements. On nearly every day of her employment, Plaintiff was made to feel like I was a second class citizen. The wrongdoers made such comments openly and loudly in front of supervisors, including Agent Don Louck. In no case were the agents who made these highly offensive comments reprimanded or disciplined by the supervisors. Plaintiff felt that the supervisors were too close personally with agents Gonzalez, Reece, Joffre, Zamora and the other male agents who harassed the Plaintiff. Plaintiff believed that their discriminatory actions toward her were condoned and approved by the supervisors and management of the Weslaco Station. Accordingly, Plaintiff also believed that if she made formal complaints to her supervisors that the supervisors would, in turn, tell agents Reece, Joffre, and/or Gonzalez about her complaints and, in turn, Plaintiff would face danger in the field thereafter. Plaintiff feared for her safety because she was threatened by agents Gonzalez and Reece and that is why Plaintiff did not submit a formal complaint to her immediate supervisors, early in her employment.

9. Plaintiff did tell her husband, Luis O. Flores, about the problems she was having at the Weslaco Station on or about the third week of December, 2000. Luis O. Flores is a Border Patrol Agent with the Harlingen Station. Plaintiff asked her husband to speak to his supervisors about Plaintiff's situation due to the fact that Plaintiff was too afraid to approach her own supervisors in Weslaco. Luis O. Flores spoke to supervisors Rene Zamora, Ruben Torres, and Eddie Gonzalez and they told

him to tell the Plaintiff that she needed to 'suck it up' and that this is the way the Border Patrol treats female agents.

**10.** On or about Plaintiff's tenth day of work, Plaintiff was assigned to ride with Agent Rogelio Cervantes. After muster, and after Plaintiff serviced the vehicle for the night shift, Plaintiff went to look for Agent Cervantes. When Plaintiff found him, in the hallway of the station, he told the Plaintiff: "I will not ride with an EEOC liability for 8-10 hours." He refused to go to the vehicle with the Plaintiff and he walked away from the Plaintiff. Plaintiff then went into the woman's restroom and began to cry. She could not handle the disrespect and outright discrimination by fellow male Border Patrol agents any longer. After Plaintiff composed herself, she left the women's restroom and in the hallway, she met her supervisor, Don Louck. He said 'Rosa, why are you still here.' Plaintiff said: 'My journeyman will not get in the vehicle with me. He does not want to ride with an EEOC liability for 8-10 hours.' Plaintiff also said, 'I need to talk to you.' Don Louck then stated to me, 'Don't worry Rosa, it is only going to get better.' Mr. Louck then put his hands in the air like he could not help and then he walked away to call another female agent for the Plaintiff to ride with. Agent Rudy Moreno then walked in and he volunteered to have the Plaintiff ride with him. At this point in time, Plaintiff realized that Don Louck would not help because he was too close personally to the agents who were discriminating against the Plaintiff.

**11.** During the third week of December, Plaintiff met with her post academy instructor and supervisor, Michael Egerton. Plaintiff told him that day, during a lunch break, every detail as to what was happening to the Plaintiff at the Weslaco Station. Egerton told the Plaintiff that he had a psychology degree and that Plaintiff was 'overwhelmed.' He said: 'In time, it will get better. Egerton did not report Plaintiff's complaints to higher management nor did he act to correct the

problem. Plaintiff later found out that Agent Egerton was best friends with Bobby Gonzalez and that Egerton's own wedding was at Bobby Gonzalez' home. Plaintiff also was told by a co-worker at a later date that Egerton did not have a psychology degree.

**12.** Other similar incidents occurred during the Plaintiff's employment with the Border Patrol. Plaintiff has attempted transfer to another station but the Border Patrol has refused to do so even though it is aware of the hostility and illegal acts of the agents at the Weslaco Station. To this day, there have been no remedial measures taken by the Defendant to correct this situation and atmosphere of discrimination.

## CAUSES OF ACTION

**13.** Plaintiff seeks judgment of and from the Defendant for damages caused by sexual discrimination and a hostile work environment, that are unlawful and actionable under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et. seq. In particular, see 42 U.S.C. §2000e-16 (1994). Plaintiff, as a former federal employee, has a right to bring a sex discrimination cause of action against the Defendant under Title VII of the Civil Rights Act of 1964 and the government has waived its sovereign immunity to such a suit by act of Congress. 42 U.S.C. §200e-16 (1994). See also, **Jurgens v. EEOC**, 660 F.Supp. 1097, 1099-1100 (N.D. Tex. 1987).

**14.** The facts in this case, as set forth above, establish a violation of Title VII because the Defendant fostered a "hostile or abusive working environment." **Shepherd v Comptroller of Public Accounts**, 168 F.3d 871, 873 (5th Cir. 1999). There are five elements necessary to set forth a "hostile work environment" claim: (1) that the employee belongs to a protected class; (2) that the employee was subject to unwelcome sexual harassment; (3) that the harassment was based on sex; (4) that the harassment affected a term, condition, or privilege of employment; and (5) that the

employer knew or should have known of the harassment and failed to take prompt remedial action. Id. Hostile work environment claims can be based upon the inappropriate actions of co-workers. **Watts v. Kroger**, 170 F.3d 505, 509, n.3 (5th Cir. 1999). Harassing conduct need not be motivated by sexual desire to support the inference of discrimination on the basis of sex. Harassment need only be directed towards the Plaintiff because of her sex thereby creating a hostile work environment. **Oncale v. Sundowner Offshore Services, Inc.**, 523 U.S. 75, 81, 118 S.Ct. 998, 1002, 140 L.Ed.2d 201 (1998). Accordingly, under the facts set forth hereinabove, Plaintiff has established a claim and a right to recover under Title VII.

**15.** As a victim of unwanted and illegal sexual discrimination and hostile work environment under Title VII, the Plaintiff seeks recovery and a judgment of and from the Defendant for work reinstatement and station transfer, back pay, front pay, mental anguish damages, punitive damages, and her reasonable attorneys fees, all in an amount in excess of the minimum jurisdictional limits of this court. Further, Plaintiff seeks recovery of her costs of court and pre-judgment and post judgment interest at the maximum legal rate.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Rosa M. Flores, respectfully requests that the Defendant, James W. Zigler, Commissioner for the Immigration and Naturalization Service, be cited to appear and answer herein, and after final trial hereof, that the Plaintiff be granted judgment of and from the Defendant in an amount in excess of the jurisdictional limits of this court for her actual and special damages, including but not limited to job reinstatement and transfer, front pay, back pay, mental anguish damages, her reasonable attorneys fees, punitive damages, and costs of court. Plaintiff further requests judgment for her pre-judgment and post judgment interest at the maximum legal rate. Plaintiff also requests such other and further relief that the court deems is just

in this matter.

                                 Respectfully submitted,

                                 **LAW OFFICES OF WILLIAM F. KIMBALL**
                                 312 E. Van Buren
                                 Harlingen, Texas 78550
                                 Tel. (956) 425-2000
                                 Fax No. (956) 421-4258

                                 BY: _/s/ William Kimball_
                                     WILLIAM KIMBALL
                                     State Bar No. 11418700
                                     Federal ID No. 6159

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing instrument has been forwarded by United States Certified Mail, Return Receipt Requested, postage prepaid, to: Ms. Nancy Masso, Assistant United States Attorney, 600 East Harrison Street, No. 201, Brownsville, Texas 78520, on this the 26th day of September, 2003.

                                 _/s/ William Kimball_
                                   William Kimball