34

United States District Court
Southern District of Texas
FILED

OCT 2 4 2003

Michael N. Milby
Clerk of Court

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

ROSA M. FLORES                    *
                                  *
vs.                               *        CIVIL ACTION No. B-02-146
                                  *
JAMES W. ZIGLER, Commissioner for *
the Immigration and Naturalization *
Service[1]                        *

### DEFENDANT'S RESPONSE IN OPPOSITION TO
### PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, JAMES W. ZIGLER, Commissioner for the Immigration and Naturalization Service, opposes Plaintiff's motion for leave to amend her Complaint. Defendant, in submitting this opposition, is aware that this Court invited Plaintiff's counsel to file an amended complaint; however, Defendant does not wish to be perceived as waiving any arguments or issues as they relate to the defenses it has raised or may raise in the future. Accordingly, Defendant submits the following for this Court's consideration with regard to the Plaintiff's motion for leave to amend her complaint:

1.    In November 2002, the Defendant filed its motion seeking dismissal of this lawsuit. In the motion, Defendant sought dismissal of all non-Title VII claims and all common law tort claims. Plaintiff, in seeking this amendment has dropped all such claims–and, on this point, the Defendant has no objection.

2.    Remaining, then, are the Title VII claims that Plaintiff attempts to clarify in her proposed amended complaint. Paragraphs five through twelve of Plaintiff's proposed amended complaint offers decidedly more detail into the factual allegations upon which she bases her complaint–details that

---

[1] At the time this lawsuit was filed the Immigration and Naturalization Service (INS) existed under the control and administration of the United States Department of Justice. The functions of the INS have since been placed under the control and administration of the United States Department of Homeland Security. The Secretary of the United States Department of Homeland Security presently is Tom Ridge.

the Plaintiff admittedly chose never to express to Defendant's supervisors. See proposed Amended Complaint at para. 8.  Plaintiff tries to excuse her failure to notify supervisors of her problems by saying that she felt "threatened" and "feared for her safety" if she did complain to a supervisor.  Such generalized fears and  subjective expressions of fear of retaliation or confrontation have been rejected by the courts.  *Woods v. Delta Beverage Group, Inc.*, 274 F. 3d 295 (5th Cir. 2001);  *Barrett v. Applied Radiant Energy Corp.*, 240 F.3d 262 (4th Cir. 2000); *Leopold v. Baccarat*, 239 F.3d 243 (2nd Cir. 2001).

3. In this case, the Plaintiff must show "[a] credible fear ... based on more than the employee's subjective belief."  See *Woods v. Delta Beverage Group, Inc.*, at 246.

4. Plaintiff then states–for the first time since her complaints came to light–that she told her husband about her problems and that she "asked her husband to speak to his supervisors" on her behalf and that "they told him to tell the Plaintiff that ...this is the way the Border Patrol treats female agents."  See proposed Amended Complaint at para.9.  Plaintiff's affidavit attached to her response to the government's motion for summary judgment likewise sets forth this hearsay upon hearsay based assertion as a means to overcome the summary judgment argument set forth by the government.  That portion of Plaintiff's affidavit–as other applicable portions relying on hearsay–are inadmissable evidence for purposes of refuting a summary judgement.  See Rule 56(e) of the FRCP and Rule 802 of the Federal Rules of Evidence.

5. Plaintiff has still failed to overcome the government's defense that Plaintiff deprived it of an opportunity to correct the situation when she failed to report her complaints.  In fact, Plaintiff again admits that she "did not submit a formal complaint to her supervisors...".  See proposed Amended Complaint at para.8.

6. As such, Plaintiff has not raised any new allegations that would otherwise

2

allow her to proceed with this case.  The Defendant's motion to dismiss and alternative motion for summary judgment should be granted, because the record reflects that no genuine issue of material fact exists. See Celotex Corp. v.Catrett, 477 U.S. 317, 322-24, 106 S. Ct. 2548, 2552-53 (1986); see also Fed. R. Civ. P.56(c).

WHEREFORE PREMISES CONSIDERED, Defendant prays that this Court deny Plaintiff's motion for leave to amend her complaint.

Respectfully Submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

Nancy L. Masso
Assistant U. S. Attorney
600 East Harrison Street, No. 201
Brownsville, Texas 78520
Tel:  (956) 548-2554
Fax: (956) 548-2549
Texas State Bar No.  00800490
Federal I.D. No. 10263

## Certificate of Service

I certify that on **October 23, 2003**, a copy of the "DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT" was mailed to Plaintiff's attorney, William Kimball, 312 E. Van Buren, Harlingen, Texas 78550, return receipt requested.

Nancy L. Masso
Assistant U. S. Attorney

3