United States District Court
Southern District of Texas
FILED

NOV 13 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSA M. FLORES | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-02-146 |
| | § | |
| JAMES W. ZIGLER, Commissioner for the Immigration and Naturalization Service | § | |

### PLAINTIFF ROSA M. FLORES' RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF's MOTION FOR LEAVE

TO THE HONORABLE UNITED STATES MAGISTRATE:

**NOW COMES**, Plaintiff, Rosa M. Fores, who files this, her Response to the <u>Defendant's Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint</u>, and in support hereof, Plaintiff would show as follows:

**1.** Defendant argues that Plaintiff's Motion for Leave should be denied because Plaintiff failed to make a formal report claims of discrimination to her supervisors, citing **Woods v. Delta Beverage Group, Inc.**, 274 F.3d 295 (5th Cir.2001); **Barrett v. Allied Radient Energy Corp.**, 240 F.3d 262 (4th Cir. 2000); and **Leopold v. Baccarat**, 239 F.3d 242 (2nd Cir. 2001). Plaintiff would respond that her affidavit filed with the court shows uncontradicted evidence that: (1) Plaintiff did discuss the discriminatory behavior with her immediate supervisors (i.e. Don Louch and Mike Egerton, who both also witnessed numerous discriminatory acts), and got no corrective actions against the offending officers from them; and (2) the humiliating and hostile sex discrimination endured by the Plaintiff were often committed in the presence of the Plaintiff's supervisors. Furthermore, the Plaintiff was threatened by the offending officers that claimed and exhibited that they were very

1

good friends with the Plaintiff's immediate supervisors. The offending officers stated to the Plaintiff that they would know of any complaints lodged with the supervisors, insinuating that the supervisors would report to them if Plaintiff made complaints. Plaintiff was threatened with possible physical harm by several of the offending officers if she made a complaint. These offending officers were much larger than the Plaintiff and showed aggressive behavior towards her. Accordingly, the Defendant had either "actual knowledge" or "constructive knowledge" of the sex discrimination being endured by the Plaintiff. See **Sharp v. City of Houston**, 164 F.3d 923, 929-930 (5th Cir. 1999). The issue of "constructive knowledge" is a ***question of fact for the jury***. Id at 930.

**2.** As stated in **Sharp**, (supra): "an employer may be liable for sexual harassment if it knew or should have known of the harassment in question and failed to take prompt remedial action....An employer can be liable ...where its own negligence is a cause of the harassment. An employer is negligent with respect to sexual harassment if it knew or should have known about the conduct but failed to stop it." 164 F.3d at 929. (Citations omitted).

In this case, the evidence is uncontradicted that at almost every muster before her shift, Plaintiff would have to endure discriminatory comments by the very officers she was assigned to work with, at night and alone in remote brush country. These comments were made in the presence of the supervisors and in the presence of all other co-workers. Plaintiff also had to endure humiliating treatment that at least one supervisor knew occurred when he stated to the Plaintiff: "Don't worry Rosa, it is only going to get better." See Plaintiff's Affidavit, p. 5. Plaintiff had very reasonable beliefs that such conduct was tolerated by management and she had sensible fears that to go any higher with her complaints of sexual discrimination might place her life in danger. If this is not a viable Title VII case, then Title VII is only a legal myth.

2

3. In any case, genuine issues of material fact do exist as to what the Plaintiff's supervisors knew and when they knew it. Depositions are yet to be taken. These genuine issues of material fact preclude any right to summary judgment.

4. As for the Defendant opposing <u>Plaintiff's Motion for Leave to File an Amended Pleading</u>, Plaintiff was requested to file an amended Complaint by the court. Plaintiff eliminated various state court claims and made a more definite statement concerning her Title VII claims. In the Fifth Circuit, motions for leave to file amended pleadings are to be freely granted. **<u>Whitmire v. Victus Limited T/A Master Design Furniture</u>**, 212 F.3d 885, 889 (5th Cir. 2000). Defendant has not cited any authority or reason to the contrary.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Rosa M. Flores, respectfully requests that her Motion for Leave be GRANTED in all respects and that the Defendant's Motion to Dismiss and the Defendant's Motion for Summary Judgment should be denied in all respects. Plaintiff further requests such other and further relief that the court deems is just in this matter.

                Respectfully submitted,

**LAW OFFICES OF WILLIAM F. KIMBALL**
312 E. Van Buren
Harlingen, Texas 78550
Tel. (956) 425-2000
Fax No. (956) 421-4258

BY: _____
      WILLIAM KIMBALL
      State Bar No. 11418700
      Federal ID No. 6159

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing instrument has been forwarded by United States Certified Mail, Return Receipt Requested, postage prepaid, to: Ms. Nancy Masso, Assistant United States Attorney, 600 East Harrison Street, No. 201, Brownsville, Texas 78520, on this the _13_ day of November, 2003.

_____
William Kimball