UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 2 2 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROSA M. FLORES | * | |
| | * | |
| vs. | * | CIVIL ACTION No. B-02-146 |
| | * | |
| JAMES W. ZIGLER, Commissioner for | * | |
| the Immigration and Naturalization | * | |
| Service | * | |

## DEFENDANT'S OBJECTIONS TO
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, JAMES W. ZIGLER, Commissioner for the Immigration and Naturalization Service, submits the following objections to the Magistrate Judge's Report and Recommendation that was entered[1] with this court on December 10, 2003:

1. Plaintiff filed this lawsuit on July 29, 2002. The Defendant filed a motion to dismiss and alternative motion for summary judgment on November 22, 2003.

2. By order dated December 10, 2003, the Plaintiff was allowed to file her First Amended Complaint which eliminated the common law tort claims. This First Amended Complaint, however, asserted claims of sexual discrimination, hostile work environment, and retaliation against the Defendant.

3. The Magistrate Judge's Report and Recommendation suggests that the Court deny the Defendant's motion to dismiss and motion for summary judgement as it pertains to the sexual discrimination and hostile work environment claims[2].

---

[1] The Magistrate Judge signed this Report and Recommendation on December 9, 2003; however, it was not entered by the Clerk until December 10, 2003. The undersigned received a partial copy (page 4 was missing) on December 10, 2003; accordingly, the due date for these objections is December 22, 2003.

[2] The Defendant does not object to that part of the Magistrate Judge's Recommendation that the Defendant's motion to dismiss the retaliation claims be granted.

4. First, the Defendant respectfully objects to any reliance the Court upon those facts set forth at paragraphs 9 - 11 of the Plaintiff's First Amended Complaint. In these paragraphs, Plaintiff tries to bolster her assertions that she did try to communicate her problems to Border Patrol supervisors through her husband. At page two of the Magistrate Judge's Report and Recommendation, it appears as though the Magistrate Judge gives some weight or credibility to this assertion which, at best, could only be surmised as third or fourth party hearsay. See Rule 56(e) of the FRCP and Rule 802 of the Federal Rules of Evidence.

5. Once a proper motion has been made, the non-moving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 322-23. The controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. *Judwin Properties, Inc. v. United States Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir. 1992). Nevertheless, neither "'conclusory allegations' nor unsubstantiated assertions' will satisfy the non-movant's burden." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 [5th Cir. 1994]). The Plaintiff should not be found to have sustained her burden by alluding to and relying upon third and fourth party hearsay comments.

6. In addition, with regard to the Magistrate Judge's findings regarding Plaintiff's sexual discrimination and hostile work environment claims, Defendant respectfully objects. The Supreme Court has found that an employer may still escape liability for the conduct of his subordinates if: (1) the Defendant "exercised reasonable care to prevent and correct promptly any sexually harassing behavior;" and (2) the Plaintiff "unreasonably failed to take advantage of any preventive or corrective opportunities provided by [the Defendant] or to avoid harm otherwise."

          *See, Ellerth*, 524 U.S. at ---, 118 S. Ct. at 2270. *See also, Ackel v. Nat'l Communications, Inc.*, 339 F.3d 376, 383 (5th Cir. 2003). The Plaintiff admitted in her correspondence with Congressman Solomon Ortiz and her February 8, 2001, Request for Reinstatement that –though given the opportunity–she failed to speak with Patrol Agent-in-Charge (PAIC) or the Assistant Patrol Agent-in-Charge (APAIC). See Defendant's Exhibits A-3 and B attached to its "Memorandum in Support of Defendant's Motion to Dismiss and Alternative Motion for Summary Judgement."

7. However, in his Report and Recommendation to this Court, the Magistrate Judge focuses solely on Plaintiff's unsubstantiated assertion that other supervisors (some whom were not even assigned to work in the same station as Plaintiff) knew or should have known of her plight–yet, when given the specific opportunity to discuss these concerns in detail with APAIC San Juanita Luna, Plaintiff undeniably kept quiet. *Id.*

8. In addition, although the Magistrate Judge gave some comment to Defendant's actions when it learned of the Plaintiff's allegations, the Magistrate Judge was apparently unimpressed with the level of action taken. When advised of Plaintiff's complaint, the Defendant's employees swiftly began investigating Plaintiff's complaints by starting a Management Inquiry. *See Defendant's Ex. A-2 and A-3* of its "Memorandum in Support of Defendant's Motion to Dismiss and Alternative Motion for Summary Judgement." All employees referenced by the Plaintiff were interviewed and some changes were recommended to make sure more experienced agents were assigned to the new employees on the night and midnight shifts. *Id.* Plaintiff was offered her Border Patrol Agent job back; Plaintiff declined it.   *See Defendant's Ex. A-1 and C.*

9. Defendant clearly took corrective steps toward the goal of improving the work environment for the Plaintiff–including reinstatement to her position as a Border Patrol agent. However, it is just as clear, that it was the Plaintiff's action and inaction that allowed this problem to fester. The

Plaintiff essentially denied the Defendant the opportunity to show it could improve her work situation when she declined to return to work.

### *PRAYER*

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court sustain its objections to the Magistrate Judge's Report and Recommendation and issue an order granting the Defendant's motion to dismiss this lawsuit, *in toto*; alternatively, Defendant asks that this Court render judgment in favor of the Defendant and against the Plaintiff herein.

Respectfully Submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

Nancy L. Masso
Assistant U. S. Attorney
600 East Harrison Street, No. 201
Brownsville, Texas 78520
Tel: (956) 548-2554
Fax: (956) 548-2549
Texas State Bar No. 00800490
Federal I.D. No. 10263

### Certificate of Service

I certify that on **December 22, 2003,** a copy of the Defendant's Objections to Magistrate Judge's Report and Recommendation was mailed to Plaintiff's attorney, William Kimball, Attorney at Law, 312 E. Van Buren, Harlingen, Texas 78550, via certified mail, return receipt requested.

Nancy L. Mass
Assistant U. S. Attorney