IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 1 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ROSA M. FLORES, | ) |
| Plaintiff, | ) Case No. B-02-146 |
| v. | ) |
| JAMES W. ZIGLER, Commissioner for the Immigration and Naturalization Service[1], | ) |
| Defendant. | ) |

### DEFENDANT'S ANSWER

Defendant, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, submits the following as his Answer to the Plaintiff Rosa M. Flores's First Amended Original Complaint:

### Facts [sic][2]

1. Admit.

2. Admit in part and deny in part. The Immigration and Naturalization Service no longer exists; its functions were taken over by the United States Department of Homeland Security, which is a department of the United States Government. This is the "first" answer to the Plaintiff's allegations that has been filed; the Defendant did make an appearance earlier in the proceedings by way of a motion to dismiss and alternative motion for summary judgement.

3. Admit.

4. Admit.

### Facts

---

[1] At the time this suit was filed, the Immigration and Naturalization Service Commissioner was the proper party. However, since the filing of this suit the United States Department of Homeland Security took over oversight and control of what was formerly the Immigration and Naturalization Service. Consequently, the proper defendant herein should be Tom Ridge, Secretary for the United States Department of Homeland Security.

[2] Defendant suspects that Plaintiff intended to title this section as "Jurisdiction" rather than "Facts".

5. Admit.

6. Admit the first sentence. Deny the second, third and fourth sentences. Admit the allegations in the fifth sentence. Deny sixth and seventh sentences. Admit that part of the eighth sentence that Plaintiff was not allowed to sit with other journeymen agents while she was a trainee; deny any implication in that sentence that the reason Plaintiff was not allowed to sit with journeymen agents was because Plaintiff was a female. Defendant denies the remaining allegations of this paragraph. Defendant admits that a conversation took place between Agent Gonzalez and Plaintiff regarding the referenced "sexual harassment complaints against a border patrol instructor at the academy"; however, Defendant denies that the conversation on this subject was initiated by Agent Gonzalez. All remaining allegations in this paragraph are denied.

7. Deny.

8. Deny.

9. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations stated herein, therefore, they are denied.

10. Deny.

11. Admit in part and deny in part. Admit that at some point a conversation took place between Michael Egerton and the Plaintiff. Deny that the Plaintiff discussed any of the matters/incident/problems alleged in this amended complaint with Michael Egerton. Admit that Michael Egerton is friends with Border Patrol Agent Bobby Gonzalez. Deny that Michael Egerton's wedding took place at Bobby Gonzalez's homes; admits, however, that his wedding took place at the home of a relative of Eddie Gonzalez's. Michael Egerton has a B.A. in Psychology; any allegations that he does not have such a degree are incorrect.

12. This paragraph contains argument of counsel; therefore, no response is required. To the extent that a response is required, the Defendant denies the allegations herein.

## Causes of Action

13. This paragraph contains argument of counsel; therefore, no response is required. To the extent that a response is required, the Defendant denies the

allegations herein. Defendant denies that Plaintiff was discriminated against because of her sex. Defendant denies that Plaintiff was subject to a hostile work environment.

14. This paragraph contains argument of counsel; therefore, no response is required. To the extent that a response is required, the Defendant denies the allegations herein. Defendant denies that Plaintiff was discriminated against because of her sex. Defendant denies that Plaintiff was subject to a hostile work environment.

15. No answer is required to the allegations in paragraph 15 of the amended complaint because the allegations are in the nature of a prayer for relief. To the extent that an answer is deemed necessary, however, Defendant denies the allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES

In accordance with Rule 8(c) of the Federal Rules of Civil Procedure, Defendant hereby asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to take action to mitigate her damages.

### THIRD AFFIRMATIVE DEFENSE

Defendant did not discriminate against the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Defendant did not subject Plaintiff to a hostile work environment.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to notify supervisors of her complaints thus robbing the supervisors of an opportunity to remedy her situation.

WHEREFORE, Defendant requests that Plaintiff Rosa M. Flores's First Amended Original Complaint be dismissed with prejudice, and that all relief requested be denied. Defendant requests all other relief, both law and equity, to which it is entitled.

Respectfully submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

NANCY L. MASSO
Assistant United States Attorney
600 East Harrison St., No. 201
Brownsville, TX 78520
Tel:  (956) 548-2554
Fax:  (956) 548-2549
State Bar No. 00800490
Federal I.D. No. 10263

### Certificate of Service

I certify that on **April 1, 2004,** a copy of the Defendant's Answer was mailed to Plaintiff's attorney, William Kimball, Attorney at Law, 312 E. Van Buren, Harlingen, Texas 78550, via certified mail, return receipt requested.

Nancy L. Masso
Assistant U. S. Attorney